Mark Edward **FRAZIER**, Appellant–
Respondent,

v.

Sandra Jean **FRAZIER**, Appellee–
Petitioner.

No. 41A01–0003–CV–99.

Court of Appeals of Indiana.

Nov. 15, 2000.

James A. Buck, Darryn Duchon, Russell T. Clarke, Jr., Emswiller, Williams, Noland & Clarke, Indianapolis, IN, Attorneys for Appellant.

Jeffrey C. Eggers, Eggers & Baldwin, Franklin, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

The marriage of Appellant–Respondent Mark Frazier ("Mark") and Appellee–Petitioner Sandra Frazier ("Sandra") was dissolved on February 24, 2000. Mark now appeals the division of marital property and the order for the payment of college expenses. We affirm in part, reverse in part, and remand with instructions.

### Issues

Mark presents three issues for our review:

1. Whether the trial court erroneously determined that a judgment awarded to Sandra constituted maintenance and was thus not dischargeable in bankruptcy.

2. Whether the trial court improperly valued Oak Outlet, Inc.

3. Whether the trial court abused its discretion in ordering the payment of college expenses.

### Facts and Procedural History

On May 20, 1978, Mark and Sandra were married to each other for the second time. One child, Ryan Frazier, was born in 1979. During the marriage, Mark and Sandra owned and operated a furniture retail business known as Oak Outlet, Inc. On October 29, 1998, Sandra petitioned to dissolve the parties' marriage. Hearings were held on December 13 and December 28, 1999. On February 24, 2000, the trial court entered Findings of Fact and Conclusions of Law, dissolving the marriage

and dividing the marital estate equally. Additionally, the trial court determined that Ryan, aged 20, was emancipated for child support purposes but ordered Mark to pay 60% of Ryan's college tuition and books. Mark now appeals.

### Discussion and Decision

#### I. Standard of Review

Indiana Code section 31–15–7–5 creates a rebuttable presumption that an equal division of the marital property of the parties is just and reasonable. *Akers v. Akers*, 729 N.E.2d 1029, 1033 (Ind.Ct. App.2000). The distribution of marital property is committed to the sound discretion of the trial court. *Breeden v. Breeden*, 678 N.E.2d 423, 427 (Ind.Ct.App. 1997). A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. *In re Marriage of Bartley*, 712 N.E.2d 537, 542 (Ind.Ct.App. 1999).

Here, the trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). Upon review, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Crowley v. Crowley*, 708 N.E.2d 42, 54 (Ind.Ct.App.1999). The judgment will be reversed only when it is clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences to support them. *Id.* We will consider only the evidence most favorable to the trial court's disposition of marital property, and will neither reweigh the evidence nor assess the credibility of the witnesses. *Showalter v. Brubaker*, 650 N.E.2d 693, 700 (Ind.Ct.App.1995).

#### II. Dischargeability of Judgment

The trial court determined that an equal division of marital assets was just and reasonable, awarding to Sandra net assets of $733,579.00 and to Mark net assets of $733,580.00. To effect the equal distribution, the trial court ordered Mark to pay Sandra $394,018.00. The order further provided, in relevant part:

> It is specifically the intent of this Court based on the earnings disparity of the parties, the continued educational costs for the child and other issues of maintenance and support that this Judgment be an exception from bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(5). Said Judgment shall draw interest at the rate of 8% per annum commencing one hundred and eighty (180) days after the entry of this Decree of Dissolution. If not paid in a lump sum within one hundred and eighty (180) days, the Respondent shall make payments to the Petitioner in the sum of ten thousand dollars ($10,000.00) per month each and every month thereafter commencing September 15, 2000 and by the 15th of each month thereafter until all principal and interest is paid in full.

(R. 111.) Mark claims that the judgment is not properly characterized as a non-dischargeable award for support or maintenance.

A bankruptcy discharge voids judgments based on the personal liability of the debtor. *Cowart v. White*, 711 N.E.2d 523, 528 (Ind.1999). However, the Bankruptcy Code explicitly excepts obligations for any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record." *Id.* (citing 11 U.S.C. § 523(a)(5)). State courts have concurrent jurisdiction with federal courts to determine what constitutes a nondischargeable maintenance or support obligation. *Id.* Generally, if an obligation was created to provide for the daily needs of the former spouse, it is in the nature of alimony, maintenance or support. *Id.* On the other hand, an obligation to be paid in a lump sum or over a short period of time

is more likely to be considered a property settlement. *Id.*

Indiana Code Section 31–15–7–2 specifies the limited circumstances under which a trial court may award maintenance to a spouse. The court may grant incapacity maintenance (if a spouse is physically or mentally incapacitated such that his or her ability to be self-supporting is materially affected), caregiver maintenance (if a spouse must forego employment to care for an incapacitated child) or rehabilitative maintenance (if a spouse needs support while acquiring sufficient education or training to get appropriate employment). *Voigt v. Voigt,* 670 N.E.2d 1271, 1276 (Ind. 1996). Where none of these circumstances exist, a court may not order maintenance absent an agreement of the parties. *Id.* at 1277.

Here, the record is devoid of evidence that Sandra was physically or mentally incapacitated or that the $394,018.00 obligation was created to provide for her daily needs. The trial court referenced the earnings disparity between Mark (the proprietor of Oak Outlet, Inc.) and Sandra (an interior decorator). However, a mere disparity in earnings does not convert an obligation to one of support or maintenance where each party is self-sufficient. IND.CODE § 31–15–7–2. Moreover, there is no evidence that Sandra's income was diminished by contributions to Ryan's educational costs, as implied in the trial court's order. It is undisputed that, as of the dissolution hearing, Ryan was employed full-time and living on his own in an apartment, having withdrawn from college approximately one year earlier. Finally, the order clearly contemplates an equalization of the marital property division, payable in a lump sum payment within 180 days or alternatively, in short-term installment payments.

We therefore reverse the portion of the trial court's order characterizing the $394,018.00 judgment as non-dischargeable maintenance or support.

### III. Business Valuation

Mark next challenges the trial court's valuation of Oak Outlet, Inc. Specifically, he claims that the trial court failed to distinguish between personal and enterprise goodwill, failed to allow a non-marketability discount applicable to a closely-held company, and utilized an improper method for calculating future earnings potential.

Mark and Sandra each obtained an appraisal of Oak Outlet, Inc. and proffered expert testimony as to its market value. Dennis Hash, CPA ("Hash") testified that Oak Outlet, Inc. was worth $394,000.00 while James Alerding, CPA ("Alerding") testified that it was worth $985,000.00. The majority of the difference was attributable to "goodwill." The trial court adopted the latter valuation, stating in pertinent part:

> Regarding the business valuation for Oak Outlet, Inc., the court finds the valuation from Mr. Alerding to be the most reliable, reasonable and accurate. The Court finds said valuation more accurately reflects the value of the business whereas the valuation of Mr. Hash seriously devalues the business and is not a fair and reasonable valuation. Although both reports use the income method to value the business, Mr. Alerding correctly considered the excess cash available to Oak Outlet, Inc. at the date of separation on October 29, 1998 in the sum of $175,000 (a sum reasonably less than the $255,217 on hand for the business); appropriately considered and more accurately addressed the issue of the marketability discount for the business (it is more sound based on the evidence to not allow any marketability discount); and he more fairly and reasonably weighed the average cost of capitalization by using a more generally accepted method. The Court finds that as of the date of separation of October 29, 1998 the value of the business was $985,000.00. The Court has taken into

account the location of the business, competitors, and the nature of the business and notes further that Mr. Alerding also reasonably considered these factors. (R. 106.)

A trial court has broad discretion in ascertaining the value of property in a dissolution action, and its valuation will not be disturbed absent an abuse of that discretion. *Reese v. Reese,* 671 N.E.2d 187, 191 (Ind.Ct.App.1996), *trans. denied.* The trial court has not abused its discretion if its decision is supported by sufficient evidence and reasonable inferences therefrom. *Id.*

The trial court was not required to apply the 15% non-marketability discount suggested by Mark's expert or to disregard the weighted average capital method utilized by Sandra's expert to calculate future earnings potential. The record reflects that experts within the business valuation community differ on these specific valuation factors. (R. 147–153.) With regard to these factors, Mark merely asks this Court to reweigh the evidence. However, even where the circumstances would support a different award, we do not substitute our judgment for that of the trial court. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1325 (Ind.Ct.App.1991), *trans. denied.* We decline to do so here.

Nevertheless, in valuing a business that is part of a marital estate, the trial court must consider whether goodwill included within the total value of a business enterprise is personal to one spouse. *Yoon v. Yoon,* 711 N.E.2d 1265, 1269 (Ind.1999). Goodwill is the value of a business or practice that exceeds the combined value of the net assets used in the business. *Id.* at 1268. Enterprise goodwill is based on the intangible, but generally marketable, existence in a business of established relations with employees, customers and suppliers, and may include a business location, its name recognition and its business reputation. *Id.* Goodwill that is attributable to the business enterprise is

divisible property, while goodwill that is personal, a surrogate for the owner's future earning capacity, is not divisible. *Id.* Stated alternatively, goodwill that is based on the personal attributes of the individual is excluded from the marital estate. *Id.* at 1269.

Here, the experts offered conflicting evidence as to whether any goodwill of Oak Outlet, Inc. is personal to Mark. Hash opined that Oak Outlet, Inc. has very little goodwill "without Mark." (R. 327 .) Alerding opined that many potential buyers would have the needed skills to operate the business. (R. 176–77.) He did not, however, clearly distinguish between enterprise goodwill and personal goodwill. The trial court adopted Alerding's valuation amount, but the findings and conclusions are silent as to what degree, if any, the valuation incorporated either personal or enterprise goodwill. In its valuation of a business that is marital property, the trial court must exclude that amount of the business that is attributable to a spouse's personal goodwill, if any. *Bertholet v. Bertholet,* 725 N.E.2d 487, 497 (Ind.Ct.App.2000).

As we are unable to determine from the trial court's findings and conclusions whether any portion of the aggregate value of Oak Outlet, Inc. is attributable to the personal goodwill of Mark, we must remand this cause to the trial court for a determination of its value, excluding personal goodwill.

### IV. Educational Expenses Order

Finally, Mark challenges the order for the payment of Ryan's educational expenses notwithstanding Ryan's emancipation. However, the record reflects that Mark agreed to pay such expenses:

Petitioner's Attorney: Do you believe that you and Sandy, if he decides within a reasonable period of time to go back to college, should assist in the payment of his college expenses?

Mark: Absolutely without a doubt.

Petitioner's Attorney: Okay

Mark: I've tried to get him *to go back* for two years.

Petitioner's Attorney: So if the Court were to, and I think we're both in agreement if the Court should order him as emancipated?

Mark: Correct.

Petitioner's Attorney: Do you have an objection to the Court ordering both of you if he goes back to school with some age limitation, (Inaudible) he's thirty years old but—

Mark: Yeah, the Court does not have to order me for my son, if he wants to go back to college I'll pay for all of it.

(R. 432–33.) A finding of the trial court concerning the appropriateness of an award of educational expenses will not be disturbed absent an abuse of discretion. *Marshall v. Marshall*, 601 N.E.2d 9, 12 (Ind.Ct.App.1992). Moreover, a party may not take advantage of an alleged error that he invites. *Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind.Ct.App.1989). We cannot find an abuse of discretion in the trial court's determination that an educational expenses order is appropriate where the parents have agreed to pay those expenses.

 However, Ryan's parents agreed to pay his college expenses provided that some reasonable limitations were imposed upon Ryan. Sandra specifically requested limitations with regard to Ryan's age, grade point average and number of course hours. (R. 183.) Absent an agreement by the parents, a trial court abuses its discretion by entering an education support order that contains no limits on the studies a child is entitled to pursue at the expense of his or her parents. *Matter of Paternity of A.J.R.*, 702 N.E.2d 355, 362 (Ind.Ct.App.1998). Therefore, while we affirm the trial court's determination that an educational expenses order is appropriate in this case, we direct the trial court on remand to delineate reasonable limitations thereon.

**Conclusion**

In light of the foregoing, we reverse the portion of the trial court's order characterizing the judgment payable to Sandra as non-dischargeable maintenance or support. We affirm the trial court's determination that an education support order is appropriate. However, we remand this matter to the trial court with instructions to determine what amount, if any, of the value of Oak Outlet, Inc. must be excluded from the marital estate as the personal goodwill of Mark. We further instruct the trial court to delineate appropriate limitations upon the education support order.

Affirmed in part; reversed in part; and remanded with instructions.

RILEY, J., and BARNES, J., concur.