In re the Marriage of Steven F.
GOODMAN, Appellant–
Petitioner,

v.

Joy GOODMAN, Appellee–Respondent.

No. 79A02–0103–CV–128.

Court of Appeals of Indiana.

Aug. 30, 2001.

Ann G. Davis, Lafayette, IN, Attorney for Appellant.

Pamela J. Hermes, Lafayette, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Steven Goodman ("Husband") appeals the trial court's award of nearly all of the marital estate plus attorney fees to his former wife, Joy White ("Wife"). He raises five issues, which we restate as:

I. Whether the trial court abused its discretion when it found that Husband dissipated marital assets;

II. Whether the trial court abused its discretion when it awarded nearly all of the marital assets to Wife;

III. Whether the property settlement payments Husband was ordered to pay to Wife constitute an improper award of maintenance; and

IV. Whether the trial court abused its discretion when it awarded attorney fees to Wife.

We affirm in part, reverse in part, and remand.

### Facts and Procedural History

Husband and Wife were married on May 29, 1998. There were no children born to the marriage, but Wife has a daughter from a prior marriage, and that daughter resided with them. Husband also has a daughter from a prior marriage, but she did not live with them at any time during the marriage. Wife brought substantial assets into the marriage, including a house and savings and several retirement accounts, for a total value of $180,000. Wife was debt-free at the time of the marriage. Husband brought two automobiles into the marriage, which were his most substantial assets, but his debts exceeded his assets by $10,000. Wife knew nothing of these debts and did not become aware of them until several months after they were married. As she had previously, Wife continued to work part-time as a nurse throughout the marriage, earning approximately $20,000 to $25,000 per year. Husband worked for A.E. Staley, earning $55,000 to $65,000 per year.

During the marriage, Wife obtained a home equity loan with a $60,000 credit limit. She gave $15,000 to Husband to pay his automobile loans, but instead, and without Wife's knowledge, he used the money to pay other premarital debts unknown to Wife. Both incurred other expenses on the

home equity line of credit, mostly for improvements to the house. As a result of the improvements, the value of the house increased by approximately $47,000. In 1999, Wife obtained a $95,000, thirty-year, first mortgage on the house. She paid the original $60,000 home equity loan and used the remainder to pay debt owed on Husband's new truck. Wife obtained an additional home equity loan in the amount of $17,249 to pay the parties' credit card debts.

On February 25, 2000, Wife filed a petition for dissolution. A final hearing was held on September 27 and October 2, 2000, after which the trial court issued findings of fact and conclusions of law. The trial court found that Wife's net assets at the time of filing totaled approximately $82,500, a net decrease during the parties' marriage of almost $100,000. The trial court also found that Husband engaged in excessive spending, despite Wife's protests, resulting in dissipation of marital assets. Husband's conduct during the course of the dissolution also increased the amount of attorney fees incurred by Wife. Wife served several discovery requests to which Husband failed to respond until Wife filed a Motion to Compel. The trial court found that many of Husband's responses to discovery were either incomplete or false and misleading.

Prior to the final hearing, Husband paid $20,000 to Wife to reimburse her for his truck. In addition, the trial court ordered Husband to pay $30,000 to Wife for his fair share of existing debts including his premarital debts incorporated into the home mortgage, as well as Wife's attorney fees in the amount of $4500. The trial court recognized that this amount would be difficult for Husband to pay in one lump sum, and it ordered him to pay Wife $125 per week at 7% interest. Wife was awarded nearly all of the marital assets including

the house, her car, and several other personal items. Husband received his truck as well as his personal items.

## I. Dissipation of Marital Assets

Husband first argues that the trial court abused its discretion when it found that he dissipated marital assets. Our court reviews findings of dissipation in various contexts under an abuse of discretion standard. *Coyle v. Coyle,* 671 N.E.2d 938, 942 (Ind.Ct.App.1996). We will reverse only if the trial court's judgment is clearly against the logic and effect of the facts and the reasonable inferences to be drawn from those facts. *Wallace v. Wallace,* 714 N.E.2d 774, 779 (Ind.Ct.App.1999), *trans. denied.*

Dissipation of marital assets involves "the frivolous, unjustified spending of marital assets." *Coyle,* 671 N.E.2d at 943. The test for dissipation of marital assets is "whether the assets were actually wasted or misused." *Id.* Factors to consider in determining whether dissipation has occurred include:

1. Whether the expenditure benefited the marriage or was made for a purpose entirely unrelated to the marriage;

2. The timing of the transaction;

3. Whether the expenditure was excessive or de minimis; and

4. Whether the dissipating party intended to hide, deplete, or divert the marital asset.

*Id.; see also Pitman v. Pitman,* 721 N.E.2d 260, 264 (Ind.Ct.App.1999), *trans. denied.*

The trial court made the following finding with regard to Husband's dissipation of marital assets:

During the course of the parties' marriage, the Husband engaged in excessive spending, despite the Wife's protests in this regard, resulting in a substantial dissipation of assets. He purchased

many items on credit, many collectibles and through the Internet.

R. at 121. The trial court then noted several items as examples, including Internet purchases, Longaberger baskets, CDs, and collectible coins, for a total of $3027.

■ Although not included in the specific finding set forth above, the trial court also noted in various findings that in addition to the other pre-marital debts he brought into the marriage, the automobiles Husband brought into the marriage carried indebtedness. Wife took out a home equity loan, in part, to pay the debt on Husband's automobiles, and gave Husband $15,000. Without Wife's knowledge, instead of paying the debt on his automobiles, Husband used the money to pay other premarital debts unknown to Wife. Additionally, the trial court found that Husband took $8500 from his payroll checks instead of depositing it into the parties' joint checking account.[1] All of this evidence supports the trial court's finding, and under these circumstances, the trial court did not abuse its discretion when it found that Husband dissipated marital assets.

## II. Division of Marital Property

■ Husband next argues that the trial court abused its discretion when it awarded virtually all of the marital assets to Wife. When reviewing a challenge to the court's division of marital property, we determine whether the evidence supports the findings, and then whether the findings support the judgment. *Wallace v. Wallace,* 714 N.E.2d 774, 779 (Ind.Ct.App. 1999), *trans. denied.* We review a challenge to the trial court's division of marital property for abuse of discretion, and consider only the evidence favorable to the judgment. *Id.* We will reverse only if its judgment is clearly against the logic and effect of the facts and the reasonable inferences to be drawn from those facts. *Id.*

■ The trial court's discretion in the disposition of marital property is subject to the statutory presumption in favor of equal distribution. *Newby v. Newby,* 734 N.E.2d 663, 668 (Ind.Ct.App.2000). However, Indiana Code section 31–15–7–5 provides that the presumption of an equal division may be rebutted by evidence of:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

"The party challenging the trial court's property division must overcome a strong presumption that the court complied with the statute and considered evidence of statutory factors." *Newby,* 734 N.E.2d at 669.

---

1. The parties had agreed that Husband would deposit his earnings into the joint checking account to pay for household expenses.

Husband argues that the trial court's findings that he dissipated marital assets and had substantially greater earnings or earning capacity than Wife are erroneous. Husband also contends that no consideration was given for any contribution he made to the acquisition of the marital estate.

The trial court made the following finding regarding its reasoning for awarding nearly all of the marital estate to Wife:

The extraordinary circumstances that exist in this case justify a distribution of virtually the entire marital estate to the Wife. Some of the relevant considerations include: that the Wife came into the marriage without any debts and with assets, excluding the value of her substantial personal property/household goods, totaling about $180,000; that the Husband came into the marriage with debts that exceeded the value of his personal property including $15,000 of debts that he did not reveal to the Wife prior to the marriage; that both parties contributed to the assets acquired during the marriage, the Husband primarily through his earnings from employment and the Wife through her earnings, as well as through her homemaking efforts; that the Wife is the sole surviving parent of her minor daughter and has the responsibility for providing her a home and support; that the Husband through his excessive spending engaged in a dissipation of marital assets and earnings; that the Wife did not engage in any improper dissipation of assets; and that the Husband has substantially greater earnings than the Wife.

R. at 126–27.

■■■ The trial court's finding clearly shows that it considered section 31–15–7–5 when it made its award of nearly the entire marital estate to Wife. There was substantial evidence presented at the hearing that Wife brought all of the assets into the marriage, that Husband's earning capacity is greater than her own, that Husband dissipated marital assets, and that Wife wishes to maintain the home for her daughter because daughter has lived in the house for her entire life. The evidence supports the trial court's findings, and those findings support its judgment. Under these circumstances, we hold that the trial court did not abuse its discretion when it determined that an unequal division of property in favor of Wife was appropriate.

## III. Property Settlement Payments

Husband also contends that the trial court's judgment of $30,000[2] to Wife constitutes an improper award of maintenance. In support of his argument, Husband relies on *Frazier v. Frazier*, 737 N.E.2d 1220, 1223–24 (Ind.Ct.App.2000), where our court stated that an obligation created to provide for the daily needs of a former spouse is in the nature of alimony or support, but an obligation to be paid in a lump sum or over a short period of time is more likely to be considered a property settlement. Importantly, the trial court made no finding, nor was there any evidence to suggest, that Wife would be entitled to an award of maintenance pursuant to Indiana Code section 31–15–7–2.

■■■ A property division under Indiana Code section 31–15–7–4 (formerly section 31–1–11.5–11) cannot exceed the value of marital assets without being considered an improper form of maintenance

---

**2.** Husband was ordered to pay the $30,000 judgment in installments ($125 per week with 7% interest) because the trial court found it would be difficult for him to pay a lump sum.

and an abuse of discretion. *See In re Marriage of Sloss,* 526 N.E.2d 1036, 1038 (Ind.Ct.App.1988). According to our calculations, the award to Wife exceeds the value of the marital assets. The assets in the marital estate totaled $228,504. Wife was awarded $200,810 and Husband received the remainder. While the matter was pending, Husband paid Wife $20,000 as reimbursement for his truck. The trial court ordered Husband to pay $30,000 to Wife in addition to the $20,000 already paid. This results in an award to the Wife of 109.8% of the marital assets (or $250,810). To the extent that the trial court's judgment in favor of Wife exceeds the value of the marital assets, the judgment constitutes an improper award of maintenance.

■ We must also consider whether the balance of the trial court's award to Wife, which did not exceed the value of the marital assets, constitutes an improper award of maintenance.[3] Various factors are considered in determining whether periodic payments are properly characterized as maintenance or a property settlement. Factors indicating that periodic payments are maintenance include: the designation as maintenance; provisions terminating the payments upon the death of either party; payments made from future income; provisions for termination upon remarriage; provisions calling for modification based upon future events; and payments for an indefinite period of time. *In re Marriage of Buntin,* 496 N.E.2d 1351, 1354 (Ind.Ct.App.1986) (citing *Pfenninger v. Pfenninger,* 463 N.E.2d 1115, 1119 (Ind.Ct.App.1984), *overruled on*

other grounds by *Voigt v. Voigt,* 670 N.E.2d 1271 (Ind.1996); *Whaley v. Whaley,* 436 N.E.2d 816, 819 (Ind.Ct.App. 1982); *Wilhelm v. Wilhelm,* 397 N.E.2d 1079, 1082 (Ind.Ct.App.1979)).

■ Factors indicating that periodic payments are a property settlement include: payments for a sum certain payable over a definite period of time; a lack of provisions for modification based on future events; the obligation to make payments survives the death of the parties; the provision calls for interest; and the award does not exceed the value of the marital assets at the time of dissolution. *Id.* (citing *Pfenninger,* 463 N.E.2d at 1119; *Van Riper v. Keim,* 437 N.E.2d 130, 132, n. 1 (Ind.Ct.App.1982); *Hicks v. Fielman,* 421 N.E.2d 716, 721 (Ind.Ct.App.1981)).

The trial court found that the ordered payments should help ensure that Wife can keep her house. The trial court stated that the payments to Wife were intended to be support within the meaning of the Bankruptcy Code.[4] Additionally, the payments will be made from Husband's future income. These facts support Husband's contention that the property settlement payments ordered by the trial court constitute an improper award of maintenance.

However, Husband was ordered to make payments to Wife that are for a sum certain to be paid in installments at 7% interest payable within ten years from the entry of the divorce decree. These facts support Wife's argument that the property settlement payments are not maintenance. Also, the trial court found that "Husband should be responsible for repayment of the debt on his truck and his premarital obli-

---

3. Wife was awarded $200,810 and received $20,000 from Husband before the marriage was dissolved for a total of $220,810; therefore, any award greater than $7694 would exceed the total value of the marital assets (or $228,504).

4. However, a debt may qualify as support payments under the Bankruptcy Code, even though it would not legally qualify as alimony or support under state law. *In re Balvich,* 135 B.R. 327, 333 (Bkrtcy.N.D.Ind.1991), *aff'd,* 135 B.R. 323 (N.D.Ind.1991).

gations that were incorporated in the mortgage of the Wife's home. It would be inequitable to allow the Husband to, in effect, shift the obligation for his premarital debts to the Wife by virtue of their inclusion in the mortgage on her home." R. at 127.

Our court discussed a similar set of circumstances in *In re Marriage of Sloss*. In *Sloss*, at the time of the marriage, Wife had approximately $600,000 in assets, the only substantial assets brought into the marriage. 526 N.E.2d at 1039. The trial court found that Husband dissipated the marital estate to the extent that at the time of separation, the marital assets had been reduced to $125,000. *Id.* The marital estate had only $21,000 in assets at the time of dissolution because Husband continued to dissipate assets. *Id.* The trial court awarded Wife all assets in the marital estate and ordered Husband to pay $103,509 to Wife. *Id.* at 1037.[5] On appeal, Husband argued that the trial court's division of property, which gave Wife net assets and Husband net liabilities, was unjust and unreasonable. *Id.* at 1039. We affirmed the trial court, holding that the trial court's award to Wife of all assets in the martial estate in addition to a monetary judgment was a just and reasonable property division because Husband had dissipated the martial estate. *Id.*

■■■ Here, as in *Sloss*, Wife brought all substantial assets into the marriage. The trial court found that Husband dissipated marital assets. The $30,000 judgment to Wife (in addition to the $20,000 Husband paid before the marriage was dissolved) was awarded because Husband had pre-marital obligations which were paid by Wife when she obtained a line of credit on her house. In addition, Wife mortgaged her house, in part, to pay for Husband's truck. Because these debts were incorporated into the existing mortgage on Wife's house, the trial court ordered Husband to pay $30,000 to aid her in making mortgage payments. Therefore, to the extent that the judgment does not exceed 100% of the marital assets, it is a property settlement, not an award of maintenance.[6]

## IV. Attorney Fees

■■■ Finally, Husband argues that the trial court abused its discretion when it ordered him to pay Wife's attorney fees. The trial court has statutory authority to order a party to pay reasonable attorney fees for the opposing party pursuant to Indiana Code section 31–15–10–1. The trial court enjoys broad discretion in assessing attorney fees in dissolution cases. *Russell v. Russell*, 693 N.E.2d 980, 984 (Ind.Ct.App.1998), *trans. denied.*

■■■ In deciding whether to make an award of attorney fees, the court should consider the resources of the parties, their economic condition, their ability to engage in gainful employment and to earn adequate income, and any other factors that bear on the reasonableness of the award. *Hanson v. Spolnik*, 685 N.E.2d 71, 80 (Ind. Ct.App.1997), *trans. denied.* "Misconduct that directly results in additional litigation expenses may properly be taken into account in the trial court's decision to award attorney fees in the context of a dissolution

---

5. The trial court valued the marital estate on the date of separation. *Id.* at 1039.

6. Husband also argues in his brief that the trial court improperly characterized the $30,000 judgment to Wife as nondischargeable in bankruptcy. We believe this issue is better left to a bankruptcy court, if necessary, although we note that state courts have concurrent jurisdiction with federal courts to determine what constitutes a nondischargeable maintenance or support obligation. *See Frazier*, 737 N.E.2d at 1223.

proceeding." *Lewis v. Lewis,* 638 N.E.2d 859, 861 (Ind.Ct.App.1994).

 The trial court's award of attorney fees to Wife is supported by the record. The trial court found that "[t]he Husband's conduct during the course of the litigation subsequently increased the amount of attorney's fees incurred by Wife." R. at 127. The trial court also stated that the disparity in the parties' earnings warranted an award of attorney fees to Wife. Evidence was presented at the hearing that Husband's income is at least twice the amount of Wife's. This evidence supports the trial court's award of attorney fees to Wife and there was no abuse of discretion.

In her brief, Wife asserts that an award of appellate attorney fees would be appropriate due to the substantial disparity of income between the parties as well as other factors. Indiana Code section 31–15–10–1(a) authorizes a trial court to award reasonable appellate attorney fees. *See also Bertholet v. Bertholet,* 725 N.E.2d 487, 501 (Ind.Ct.App.2000). Jurisdiction rests with the trial court to determine if an award of appellate attorney fees is appropriate. *Pierce v. Pierce,* 702 N.E.2d 765, 769 (Ind.Ct.App.1998), *trans. denied.* We remand the matter of an award of appellate attorney fees to the trial court.

### Conclusion

We reverse the trial court's award of $30,000 to Wife to the extent that it exceeds the value of the marital assets, and remand to reduce the judgment so that it does not exceed the value of the marital assets. Also, we remand to the trial court the issue of awarding Wife's appellate attorney fees. In all other respects, we affirm the trial court's judgment.

We affirm in part, reverse in part, and remand.

BAILEY, J., and BAKER, J., concur.