
**FILED**
Nov 13 2014, 10:05 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**SUSAN E. SCHULTZ**
Corydon, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW TOWNSEND, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 31A01-1405-DR-207 |
| | ) | |
| LYVONDA TOWNSEND, | ) | |
| | ) | |
| Appellee-Respondent | ) | |

APPEAL FROM THE HARRISON COURT
The Honorable John T. Evans, Judge
Cause No. 31C01-1107-DR-169

**November 13, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Matthew Townsend ("Father") appeals the trial court's order requiring him to pay the appellate attorney fees of his ex-wife, Lyvonda Townsend ("Mother"). We affirm.

**Issues**

Father raises one issue, which we restate as:

  I.   whether the trial court applied the correct standard when it ordered him to pay Mother's appellate attorney fees; and

  II.   whether the trial court abused its discretion by ordering him to pay Mother's appellate attorney fees.

**Facts**

Mother and Father were married in 2006, and had one son together, E.T. In 2011, Father petitioned for dissolution. In March 2013, the trial court entered an order awarding Mother sole custody of E.T. and awarding Father visitation on alternating weekends and on holidays pursuant to the Indiana Parenting Time Guidelines. Father appealed that order, arguing there was insufficient evidence to support the award of sole custody to Mother, and we affirmed the trial court's decision. See Townsend v. Townsend, No. 31A04-1303-DR-133 (Ind. Ct. App. Nov. 12, 2013).

Mother then petitioned the trial court to award her appellate attorney fees pursuant to Indiana Code Section 31-15-10-1. After a hearing, the trial court granted Mother's petition. The trial court relied on Indiana Code Section 31-15-10-1 and found in part:

> 5.   Mother's counsel expended 23.95 hours prior to final judgment and 25.75 hours concerning Father's appeal. Mother's costs on appeal were $75.90. Mother seeks only her attorney's fees on appeal and costs on appeal.

6.    Father testified that he could not remember: how much his attorney's fees were; how much his appellate attorney's fees were; and, how much his Individual Income Tax return indicated his yet-to-be received income tax refund would be.

7.    Having considered Mother and Father's income, assets, financial resources, economic conditions, and their ability to engage in gainful employment, this Court GRANTS Mother's motion.

Appellant's App. p. 11. Father now appeals.

## Analysis

The trial court's findings were issued sua sponte and control only as to the issues they cover. See Yanoff v. Muncy, 688 N.E.2d 1259, 1262 (Ind. 1997). Findings "'shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.'" Best v. Best, 941 N.E.2d 499, 502 (Ind. 2011) (quoting Ind. Trial Rule 52(A)). We do not reweigh the evidence nor reassess witness credibility, and we view the evidence most favorably to the judgment. Id. A judgment is clearly erroneous if the evidence does not support the findings, the findings do not support the judgment, or when the trial court applies the wrong legal standard to properly found facts. Fraley v. Minger, 829 N.E.2d 476, 482 (Ind. 2005). A general judgment will control the issues upon which there are no findings and will be affirmed if it can be sustained on any legal theory supported by the evidence. Yanoff, 688 N.E.2d at 1262. "Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of

3

their unique, direct interactions with the parties face-to-face, often over an extended period of time." Best, 941 N.E.2d at 502.

## *I. Standard for Awarding Appellate Attorney Fees*

Mother petitioned for and received attorney fees pursuant to Indiana Code Section 31-15-10-1 based on the parties' economic circumstances. Father argues that Indiana Appellate Rule 66(E) should be applied to determine if an award of attorney fees is warranted regardless of whether appellate attorney fees are requested in a trial court or on appeal.

Indiana Code Section 31-15-10-1(a) provides:

> The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.

"When making such an award, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and other factors that bear on the reasonableness of the award." Hartley v. Hartley, 862 N.E.2d 274, 286 (Ind. Ct. App. 2007). "Consideration of these factors promotes the legislative purpose behind the award of attorney fees, which is to insure that a party in a dissolution proceeding, who would not otherwise be able to afford an attorney, is able to retain representation." Id. at 286-87. An award of attorney fees is proper when one party is in a superior position to pay fees over the other party. Id. at 287.

4

In analyzing an award of appellate attorney fees ordered pursuant to a similar previous version of Indiana Code Section 31-15-10-1, our supreme court explained the purpose behind the statute:

> By providing for the award of attorney fees in dissolution actions, the legislature has deemed it appropriate that a party, who otherwise could not afford an attorney in connection with dissolution proceedings, have access to an attorney's services by providing that the other party is responsible for paying the attorney fees. As this Court stated in P.B. v. T.D. (1990), Ind., 561 N.E.2d 749, 750, "[t]he statute permitting the award of attorney fees serves to insure equal access to the courts despite the relative financial conditions of the parties."

Beeson v. Christian, 594 N.E.2d 441, 443 (Ind. 1992) (interpreting Ind. Code § 31-1-11.5-16 (1990) (alteration in original)).

On the other hand, Indiana Appellate Rule 66(E) provides in part, "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorney fees under this rule is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. Troyer v. Troyer, 987 N.E.2d 1130, 1148 (Ind. Ct. App. 2013) trans. denied. Additionally, although the authority to award damages on appeal is discretionary, "we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." Id.

Father contends that, by seeking appellate attorney fees in the trial court, Mother proposes "a type of forum shopping" whereby, "if a litigant chooses the trial court to seek relief, given this Court's high standards and burden of proof, he or she may receive a

5

different and more favorable result because a different standard and burden of proof is available for the same request." Appellant's Reply Br. p. 6. Father urges, "the standard and burden of proof should be the same, regardless of whether this Court or the trial court is considering the merits of an award of appellate attorney fees." Id. at 7. Although it is not entirely clear what standard Father would apply, he seems to suggest that the trial court should consider Appellate Rule 66(E) in addition to the other well-established factors when deciding whether to award appellate attorney fees pursuant to Indiana Code Section 31-15-10-1. He claims, "[r]egardless of which court the relief is sought in, an award of appellate attorney fees has a potentially chilling effect on the exercise of the right to appeal, and the public policy is the same." Id.

Father's argument that the same standard should apply regardless of the forum misses the mark—it is the legal basis for the request, not the forum, that determines which standard applies. This is because Indiana Code Section 31-15-10-1 ensures that a party in a dissolution proceeding, who would not otherwise be able to afford an attorney, is able to retain representation, while Appellate Rule 66(E), which applies to all appeals, discourages the filing of frivolous appeals. Given the different purposes behind these two bases for an award of appellate attorney fees, the different standards are appropriate.

This conclusion is consistent with our analysis in Wagner v. Spurlock, 803 N.E.2d 1174, (Ind. Ct. App. 2004), in which we addressed the interplay between Appellate Rule 66(E) and Alternative Dispute Resolution Rule 2.10, which allows for the award of sanctions, including attorney fees, against any attorney or party representative who fails to comply with the mediation rules. We acknowledged that, although the appellant's

appeal was not frivolous or made in bad faith, the challenged attorney fees were awarded pursuant to our Alternative Dispute Resolution Rules, not Appellate Rule 66(E). Wagner, 803 N.E.2d at 1185. We held, "Simply because attorney fees may not be appropriately awarded by this court under our appellate rules, a trial court is not precluded from awarding reasonable fees for an appeal based upon another statute, rule, or agreement allowing for such an award." Id. (citing Lakes & Rivers Transfer v. Rudolph Robinson Steel Co., 795 N.E.2d 1126, 1135 (Ind. Ct. App. 2003) (affirming award of appellate attorney fees ordered pursuant to I.C. § 34-25-2-23 even though attorney fees were not warranted under Appellate Rule 66(E) and describing the argument against the award of appellate attorney fees as "unsound, as the authority upon which it relies is wholly inapposite to the instant case.")).

Thus, if a request for appellate attorney fees is based on a frivolous appeal, then it may be made on appeal pursuant to Appellate Rule 66(E). If, on the other hand, a party seeks appellate attorney fees in a dissolution proceeding based on the parties' economic circumstances pursuant to Indiana Code Section 31-15-10-1, then that request is properly made in the trial court without consideration of Appellate Rule 66(E). See Ball State Univ. v. Irons, 6 N.E.3d 1035, 1036 n.1 (Ind. Ct. App. 2014) (responding to request on appeal for attorney fees pursuant to I.C. § 31-15-10-1 and observing that, because jurisdiction rests with the trial court to determine if an award of appellate attorney fees is appropriate, "this issue is more properly raised with the trial court."); see also Goodman v. Goodman, 754 N.E.2d 595, 603 (Ind. Ct. App. 2001) (remanding issue of award of appellate attorney fees pursuant I.C. § 31-15-10-1 to trial court because "[j]urisdiction

7

rests with the trial court to determine if an award of appellate attorney fees is appropriate."). We are entirely unconvinced that the trial court should have applied the Appellate Rule 66(E) standard when deciding Mother's attorney fee request, which was made pursuant to Indiana Code Section 31-15-10-1.

## II. *Abuse of Discretion*

Father also argues that the trial court abused its discretion in awarding attorney fees pursuant to Indiana Code Section 31-15-10-1's standards. In making this determination, the trial court is to consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and other factors that bear on the reasonableness of the award. Hartley, 862 N.E.2d at 286. In this context, we review a trial court's award of attorney fees for an abuse of discretion, which occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. Id.

Father first contends that the trial court's finding that he could not remember how much his attorney fees were and how much his tax refund would be is not a basis for awarding Mother appellate attorney fees. It does not appear to us, however, that the decision to award Mother attorney fees was based on this finding. The trial court's next finding explains that it granted Mother's request based on its consideration of Mother's and Father's income, assets, financial resources, economic conditions, and their ability to engage in gainful employment—not Father's inability to specifically recall the cost of his attorney fees or the amount of his tax refund.

8

Father also suggests that Mother failed to mitigate the cost of her attorney fees by not seeking pro bono counsel or requesting the appointment of appellate counsel at public expense. Father, however, cites no authority requiring the application of contract law relating to the mitigation of damages to an award of attorney fees in a dissolution proceeding pursuant to Indiana Code Section 35-15-10-1, and we are not persuaded that Mother was required to do so in order to be awarded appellate attorney fees. At most, such efforts, or the lack thereof, are one of many factors to be considered by the trial court in determining whether to award attorney fees. Father elicited testimony from Mother that she had not made such efforts, and the trial court was free to weigh it accordingly.

There was also evidence that Mother, who just had another child, earns between $100.00 and $150.00 per week at her cleaning job, does not have a high school diploma or a GED, and has two other children, in addition to E.T., to support. Father is a full time student earning a Bachelor's degree in geography and, at the time of the attorney fee hearing, had four to five more semesters of school before completing his degree. Father, who pays for school with loans and grants, testified that he had recently taken a seasonal job to pay his legal fees but was not working at the time of the hearing. Although Father did not have a specific post-graduation career in mind, he stated there "are several positions, some government jobs with the Census Bureau or US Geological Survey." Tr. p. 18. Father also testified that he was living with his mother and previously had borrowed money to pay his legal fees. Although Father could not remember the exact amount of his tax refund, he testified that it would be less than $1,000.00.

9

The fact that Father had the ability to work a seasonal job and borrow money, had better long-term job prospects, was living with his mother, and was owed a tax refund was evidence from which the trial court could conclude that Father was in a better position to pay Mother's appellate attorney fees. To the extent that Father focuses on Mother's income prior to having her third child and the lack of child support paid by the fathers of Mother's other children, Father is asking us to reweigh the evidence, which we cannot do. We cannot conclude that the trial court's decision to award Mother appellate attorney fees was clearly against the logic and effect of the facts and circumstances before it.

## Conclusion

Because Mother's request for appellate attorney fees was based on Indiana Code Section 31-15-10-1, the trial court was not required to consider Appellate Rule 66(E) in awarding her appellate attorney fees. Father has not established that the trial court abused its discretion in awarding Mother appellate attorney fees. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J, concur.