## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 13 2016, 9:11 am

Kevin S. Smith

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Lindsey A. Grossnickle | Nicholas J. Hursh |
| Bloom Gates & Whiteleather, LLP | Shambaugh, Kast, Beck & |
| Columbia City, Indiana | Williams, LLP |
| | Fort Wayne, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ashlee A. Trammel, | January 13, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 92A04-1507-DR-933 |
| v. | Appeal from the Whitley Superior Court |
| Jeffery S. Trammel, | The Honorable Douglas M. Fahl, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 92D01-1403-DR-52 |

**Crone, Judge.**

# Case Summary

[1] Mother and Father were married for sixteen years and have five children. Shortly after the dissolution of their marriage became final, Mother became engaged and filed a petition to relocate her children to North Carolina. The trial court denied the motion, granted custody to Father, ordered Mother to pay Father's attorney $1500, and awarded Mother parenting time according to the Indiana Parenting Time Guidelines. Mother appeals. Because the evidence supports the trial court's conclusion that relocation is not in the children's best interests, we affirm the denial of the petition to relocate. However, the trial court's order that Mother pay Father's attorney $1500 is against the logic and effect of the facts and circumstances before the court, and we reverse that portion of the trial court's order. Finally, although Mother has waived the challenge to her award of parenting time, we find no abuse of discretion because the trial court followed the Parenting Time Guidelines, and Mother has failed to show why they should not apply in this case. Accordingly, the judgment of the trial court is affirmed in part and reversed in part.

# Facts and Procedural History

[2] Mother and Father were married in October 1998 and have five children, fourteen-year-old P.T., thirteen-year-old G.T., ten-year-old R.T., eight-year-old K.T., and seven-year-old T.T. During the course of the marriage, Mother home-schooled the children while Father taught at a Fort Wayne middle school. Father also supplemented the family's income by coaching and driving school vehicles to and from school events.

[3]     The parties separated in March 2014, and three months later, Mother became employed at an investment company where she earned $560 per week. She also enrolled the children in a local Christian school. In October 2014, Mother met Michael Todd Reep at an employment-related social event. Reep was employed by the same investment company as Mother and was in charge of the company's office in Asheville, North Carolina. Mother and Reep became involved in a long-distance relationship after he returned to his home in North Carolina. In December, Reep and two of his teenaged sons visited Mother in Fort Wayne. During the visit, Reep had the opportunity to meet Mother's five children.

[4]     The dissolution of the parties' marriage became final on December 22, 2014. The parties' marital settlement agreement provided that the parents would share legal custody of the children. Mother was designated as the custodial parent for parenting-time purposes only, and Father was awarded parenting time and physical custody of the children according to the Indiana Parenting Time Guidelines.

[5]     Mother and Reep became engaged in January 2015. One month later, Mother filed an amended notice of intent to relocate pursuant to Indiana Code chapter 31-17-2.2. Under the penalties of perjury, Mother listed the following specific reasons for the move: (1) marriage to Reep; (2) job relocation; and (3) improvement in economic circumstances. The following month, Father filed an objection to the relocation as well as an emergency request for a temporary order restraining the children's relocation, a motion to modify custody, and a

request for attorney's fees. The trial court granted the temporary restraining order after a hearing.

[6] The trial court held a hearing on Mother's relocation petition and Father's objection in June 2015. Testimony at the hearing revealed that Mother and Reep had married and were planning to move to North Carolina, an eight-hour drive from Fort Wayne. Mother had already quit her job and sold her house. In addition, she had already registered the children in a North Carolina school even though she had not spoken to Father about it. She further explained that she and Reep had decided that she would not work outside the home when she relocated. Mother admitted that she did not have friends or a support system in North Carolina and acknowledged that the children would have a "temporary season of upheaval and change" as a result of the move, but felt they would eventually feel stable and secure. Tr. at 30. Last, she testified that she planned to move to North Carolina no matter what the trial court decided about her petition to relocate the children.

[7] Additional testimony revealed that Father currently earns $885 per week as a teacher. He has been active in his children's lives by attending their athletic and theater activities. According to Father, he attends all activities "with a rare exception." *Id.* at 154. He explained that if he was awarded custody of the children, he planned to continue sending them to the school that they had been attending, cut back on his work hours as much as possible, and hire a family friend to transport the children to and from activities and help prepare dinner. Father's foster father, Rodney Boze, who acts as a surrogate grandfather to the

children and also attends the children's activities and spends holidays with the family, has offered to help Father with the children. In addition, Father's brothers live in the area and have offered to help. Father and his children spend the holidays with Father's brothers and their children.

[8] Father explained that he would continue to maintain the support system that Mother had established for the children over the years. Father further explained that he was concerned about the children moving to North Carolina because Mother had had such a brief relationship with her new husband. In addition, the children had already moved to two separate households in less than a year and now faced a proposed relocation five hundred miles away. Father was also concerned about the significant emotional and financial hardship that he would have to endure to spend time with his children. Last, Father's attorney submitted a fee affidavit in which he averred that the total fee for his services on Father's case was $3200, and there was currently an account balance of $2150.

[9] Following the hearing, the trial court issued an order (1) denying Mother's petition to relocate, (2) granting Father's petition to modify custody of the parties' children, (3) awarding Mother parenting time according to the Indiana Parenting Time Guidelines where distance is a major factor, and (4) ordering Mother to pay $1500 to Father's counsel for attorney's fees pursuant to Indiana Code Section 31-15-10-1. This appeal ensued.

# Discussion and Decision

[10] At the outset, we note that appellate deference to the trial court's decision in domestic matters is warranted because of the trial court's unique, direct interactions with the parties face-to-face. *D.C. v. J.A.C.*, 977 N.E.2d 951, 956 (Ind. 2012). In such matters, trial courts are in a superior position to access credibility and character through both factual testimony and intuitive discernment. *Id.* Further, appellate courts are in a poor position to look at a cold transcript of the record and conclude that the trial court, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence. *Id.* at 956-57.

[11] We now turn to the standard of review. Upon Mother's request, the trial court made specific findings of fact and conclusions thereon in its order denying Mother's petition to relocate and granting Father's motion to modify custody. We will not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Id.* at 953. Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Id.* A judgment is clearly erroneous when it is unsupported by the findings and the conclusions entered on those findings. *In re Adoption of H.N.P.G.*, 878 N.E.2d 900, 904 (Ind. Ct. App. 2008), *trans. denied, cert. denied*. An appellate court neither reweighs the evidence nor reassesses witness credibility, and it views evidence most favorably to the judgment. *D.C.*, 977 N.E.2d at 954. This Court

will not substitute its own judgment if any evidence or legal inferences support the trial court's judgment. *Nelson v. Nelson*, 10 N.E.3d 1283, 1286 (Ind. Ct. App. 2014).[1]

## Section 1 – The trial court did not abuse its discretion in denying Mother's petition to relocate.

[12] Mother first argues that the trial court abused its discretion in denying her petition to relocate. When a parent files a notice of intent to relocate, the nonrelocating parent may object by moving to modify custody or to prevent the child's relocation. Ind. Code §§ 31-17-2.2-1, -5. When this objection is made, the relocating parent has the burden to prove that the proposed relocation is made in good faith and for a legitimate reason. Ind. Code § 31-17-2.2-5. Legitimate reasons include employment opportunities, financial considerations, and proximity to family. *Nelson*, 10 N.E.3d at 1286.

[13] Here, the trial court concluded that Mother's relocation was not in good faith or for a legitimate reason because her sole reason for relocating was to live with her new husband. However, this Court has previously explained that a parent's request to relocate a child to create a family life with a current spouse was sufficient to prove that the request was made in good faith and for a legitimate

---

[1] To the extent Mother argues that the trial court erred in failing to properly scrutinize Father's proposed findings and conclusions, she is mistaken. In the case In re Marriage of Nickels, 834 N.E.2d 1091, 1096 (Ind. Ct. App. 2005), this Court urged trial courts that adopt parties' proposed findings and conclusions to scrutinize them for mischaracterized testimony and legal argument. Here, however, the trial court did not adopt Father's proposed findings and conclusions. Rather, the trial court made multiple changes to Father's proposed order and presumably scrutinized the order in doing so. We find no error.

purpose.  *See In re the Paternity of X.A.S.*, 928 N.E.2d 222, 229 (Ind. Ct. App. 2010) (explaining that a father who had recently married a member of the U.S. Navy whose ship was docked in California and who wished to relocate to California to live with his spouse presented a good faith and legitimate reason for the relocation), *trans. denied*.  The trial court therefore erred in concluding that Mother's proposed relocation to North Carolina with Reep was not made in good faith and for a legitimate reason.  However, our inquiry does not end here because the trial court also determined that relocation was not in the children's best interest.

[14]  If the relocating parent shows good faith and a legitimate reason, the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child.  Ind. Code § 31-17-2.2-5(d).  A court must weigh the following factors set forth in Section 31-17-2.2-1(b) in considering the proposed relocation:

> (1)  The distance involved in the proposed change of residence.
>
> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.
>
> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.
>
> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating

individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and
(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

[15] Other factors affecting the best interests of the child include the child's age and gender; the parent's wishes; the child's wishes, with the wishes of children fourteen years or older being given more weight; the child's relationship with parents, siblings, and any other person affecting the child's best interests; and the child's adjustment to home, school, and the community. Ind. Code § 31-17-2-8.

[16] Here, our review of the evidence reveals that Mother wanted to relocate her children to North Carolina, an eight-hour drive from Father's home in Fort Wayne. Father explained that he was concerned about the significant emotional and financial hardship that he would have to endure to spend time with his children. Father also explained that the children had already moved to two separate households in less than a year and now faced a proposed relocation that was five hundred miles away, where they had no community or family support. Father planned to send the children to the school they had been attending for the past year, cut back on his work hours, and hire a family friend to help him with transportation. The children's surrogate grandfather and

uncles who live in the Fort Wayne area have also offered to help. In addition, Father planned to maintain the support system that Mother had established for the children over the years.

[17] Based upon our review of the record, the trial court's determination about the children's best interests is supported by ample evidence. Mother's challenge effectively amounts to an invitation for this Court to reweigh the evidence presented by the parties, which we cannot do. *See T.L. v. J.L.,* 950 N.E.2d 779, 789 (Ind. Ct. App. 2011). The trial court did not err in determining that the requested relocation was not in the children's best interests. Accordingly, we cannot say that the trial court abused its discretion in denying Mother's petition to relocate.

## Section 2 – The trial court abused its discretion in ordering Mother to pay a portion of Father's attorney's fees.

[18] Mother next argues that the trial court abused its discretion in ordering her to pay Father's attorney $1500 pursuant to Indiana Code Section 31-15-10-1, which provides in relevant part as follows:

> The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after the entry of judgment.

[19] When making such an award, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful

employment and to earn adequate income, and other factors that bear on the reasonableness of the award. *Townsend v. Townsend*, 20 N.E.3d 877, 880 (Ind. Ct. App. 2014), *trans. denied* (2015). Consideration of these factors promotes the legislative purpose behind the award of attorney fees, which is to insure that a party in a dissolution proceeding, who would not otherwise be able to afford an attorney, is able to retain representation. An award of attorney's fees is proper when one party is in a superior position to pay fees over the other party. *Id.* We review a trial court's award of attorney's fees for an abuse of discretion, which occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

[20] Mother argues that the trial court's award of attorney's fees here was improperly based upon her seeking to relocate with her children for what the trial court considered to be an illegitimate purpose. We agree. Our review of the trial court's findings and conclusions indicates that the trial court viewed the attorney's fee award as a punishment to Mother for seeking relocation due to her remarriage, a reason that the trial court considered to be illegitimate and in bad faith; however, we have specifically determined that this conclusion was erroneous. Indeed, we note that the trial court refers repeatedly in its findings and conclusions to Mother's bad faith and illegitimate purpose in seeking to relocate solely to maintain her relationship with Reep. In contrast, Mother's financial position vis-à-vis Father to pay attorney's fees is never mentioned by

the trial court.[2]  Moreover, Father concedes in his brief that he is entitled to fees because Mother caused him "to defend said unmeritorious relocation conducted in bad faith."  Appellee's Br. at 16.  Under the circumstances, the trial court's decision to award attorney's fees to Father is clearly against the logic and effect of the facts and circumstances before the trial court.[3]  Accordingly, the trial court abused its discretion in ordering Mother to pay Father's attorney's fees in the amount of $1500, and we reverse that portion of the trial court's order.

## Section 3 – The trial court did not abuse its discretion in awarding Mother parenting time pursuant to the Indiana Parenting Time Guidelines.

[21]  Finally, Mother argues that the trial court abused its discretion in awarding her parenting time pursuant to the Indiana Parenting Time Guidelines when distance is a factor.  It appears that she would have liked more parenting time.  She has waived appellate review of this issue because she has failed to develop it and cite authority in her one-paragraph argument.  *See Mitchell v. Stevenson*, 677 N.E.2d 551, 558 n.3 (Ind. Ct. App. 1997) (explaining that appellant waived

---

[2]  The evidence indicates that Father earns $885 per week while Mother is currently unemployed and earned only $560 per week in her most recent employment.  Although the dissent emphasizes Mother's voluntary unemployment and reduced living expenses as a result of her remarriage, the trial court makes no mention in its detailed findings and conclusions of Mother's economic circumstances as a basis for its decision to award attorney's fees to Father.  As we stated above, what *is* mentioned repeatedly is the trial court's erroneous finding of Mother's bad faith, which the dissent ignores.  Moreover, contrary to the dissent's implication, the trial court did take into account Mother's earning ability in imputing income to her and ordering her to pay Father child support.

her contention when she failed to develop it and cite to any authority in support of it), *trans. denied*.

[22] Waiver notwithstanding, we find no abuse of discretion. In all parenting-time controversies, trial courts are required to give foremost consideration to the best interests of the child. *In re Paternity of G.R.G.*, 829 N.E.2d 114, 122 (Ind. Ct. App. 2005). When reviewing the trial court's resolution of a parenting-time issue, we reverse only when the trial court abused its discretion. *Id.* If the record reveals a rational basis for the trial court's determination, there is no abuse of discretion. *Id.* We will not reweigh the evidence or reassess the credibility of witnesses. *Id.* Here, the trial court awarded Mother parenting time pursuant to the Parenting Time Guidelines. There is a presumption that the guidelines apply in all cases. Ind. Parenting Time Guidelines, Scope of Application, § 2. Mother has failed to show why the guidelines should not apply in this case. The trial court did not abuse its discretion.

[23] In sum, because the evidence supports the trial court's conclusion that relocation is not in the children's best interests, we affirm the denial of the petition to relocate. The trial court's award of attorney's fees to Father is against the logic and effect of the facts and circumstances before the court, and we reverse that portion of the trial court's order. Last, Mother has waived the challenge to her award of parenting time, and waiver notwithstanding, we find no abuse of discretion. The judgment of the trial court is affirmed in part and reversed in part.

[24]    Affirmed in part and reversed in part.

Bailey, J., concurs.

Vaidik, C.J., concurs in part and dissents in part with opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ashley A. Trammell, | January 13, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 92A04-1507-DR-933 |
| v. | Appeal from the Whitley Superior Court |
| Jeffery S. Trammell, | The Honorable Douglas M. Fahl, Judge |
| *Appellee-Respondent* | Case No. 92D01-1403-DR-52 |

**Vaidik, Chief Judge, concurring in part and dissenting in part.**

[25] Less than sixty days after the parties agreed to joint custody of their five children, and before the ink on their dissolution decree had dried, Mother filed a petition to relocate the children from Fort Wayne to North Carolina, eight hundred miles away. Father, a middle-school teacher who earns $885 per week, objected to the relocation and Judge Fahl decided that it was in the children's best interest to remain with their support system and school in Fort Wayne. No judge who has looked at the case disagrees with that conclusion. The point of contention is Judge Fahl's order requiring Mother to pay $1500 of Father's total attorney's fees.

[26] As the majority notes, appellate deference to the trial court's decision in domestic matters is warranted because of the trial court's unique, direct interactions with the parties face-to-face. *See D.C. v. J.A.C.*, 977 N.E.2d 951,

956 (Ind. 2012). Appellate courts are in a poor position to look at a cold transcript of the record and conclude that the trial court did not properly understand the significance of the evidence. *Id.* at 956-57. The majority further notes that this Court neither reweighs the evidence nor reassesses witness credibility, and views evidence most favorably to the judgment. *Id.* at 954.

[27] The trial court has broad discretion in awarding attorney's fees pursuant to Indiana Code section 31-15-10-1. *Townsend v. Townsend*, 20 N.E.3d 877, 882 (Ind. Ct. App. 2014), *trans. denied*. An abuse of that discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* In ruling on such a request for attorney's fees, the trial court should consider 1) the resources available to both parties; 2) the economic circumstances of the parties; 3) the abilities of the parties to engage in gainful employment and earn adequate income; and 4) other factors that bear on the reasonableness of the award. *Id.* An award of attorney's fees is proper when one party is in a superior position to pay fees over the other party. *Id.*

[28] Here, the parties' resources and economic circumstances reveal that, including the $49 in weekly court-ordered child support that he receives from Mother, Father, a middle school teacher, has $4000 per month available to use for his and his five children's living expenses. Mother, on the hand, has chosen not to work even though she has the ability for gainful employment. Other than the weekly support of $49, Mother has no expenses for rent, utilities, groceries, or any other expenses as she is entirely supported by her husband, who has

$16,000 per month available to use for his and Mother's living expenses.[4] Mother is clearly in a superior position to pay fees over Father. Last, aside from its conclusory statement that the trial court viewed the award of attorney's fees as punishment to Mother for seeking to relocate her five children following her remarriage, the majority has pointed to no specific language in the order that supports its view.

[29] Father incurred $3200 in attorney's fees. The trial court ordered Mother to pay $1500 of them—less than half of Father's attorney's fees. Because of the trial court's discretion in this matter, and based upon the parties' resources, economic circumstances, and abilities to engage in gainful employment, the award of attorney's fees was not against the logic and effect of the facts and circumstances before the trial court. I would therefore affirm.

---

[4] Notably the trial court's calculation of Mother's child support obligation did not take into account her substantially reduced living expenses. *See* Ind. Child Support Guideline 3(A), Comment. 2(d) ("Whether or not income should be imputed to a parent whose living expenses have been substantially reduced due to financial resources other than the parent's own earning capabilities is also a fact-sensitive situation requiring careful consideration of the evidence in each case. . . . The marriage of a parent to a spouse with sufficient affluence to obviate the necessity for the parent to work may give rise to a situation where either potential income or imputed income or both should be considered in arriving at gross income.").