## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 18 2019, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Vincent M. Campiti
Nemeth, Feeney, Masters & Campiti, P.C.
South Bend, Indiana

ATTORNEY FOR APPELLEE

Robert J. Palmer
May Oberfell Lorber
Mishawaka, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patrick M. Dobson, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Bethany L. Dobson, <br> *Appellee-Respondent.* | April 18, 2019 <br><br> Court of Appeals Case No. 18A-DR-1997 <br><br> Appeal from the St. Joseph Circuit Court <br><br> The Honorable William L. Wilson, Magistrate <br><br> Trial Court Cause No. 71C01-1501-DR-52 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following the entry of a decree of dissolution between Patrick Dobson ("Husband") and Bethany Dobson ("Wife"), Husband appeals and challenges the trial court's division of property and judgment ordering him to pay Wife's attorney fees. This case presents several issues for our review, which we restate as: (1) whether the trial court erred by including the full amount of Wife's student loan debt in the marital estate; (2) whether the trial court abused its discretion in finding that Husband committed marital dissipation and ordering Husband to reimburse Wife for damage he caused to her vehicle; (3) whether the trial court's judgment ordering Husband to reimburse Wife for unpaid temporary maintenance was clearly erroneous; (4) whether the trial court abused its discretion by awarding Wife attorney fees in the amount of $20,000; and (5) whether Wife is entitled to appellate attorney fees.

[2] We conclude the trial court properly included Wife's entire student loan debt in the marital estate pursuant to Indiana law and the trial court did not abuse its discretion with respect to finding Husband's conduct constituted marital dissipation. However, because Husband agreed to pay the monthly mortgage payments in lieu of maintenance, the trial court's judgment ordering Husband to pay Wife temporary maintenance is clearly erroneous as it fails to consider any payments Husband made during that time. With respect to attorney fees, the trial court did not abuse its discretion by ordering Husband to reimburse Wife for $20,000 in attorney fees. Finally, we decline to award appellate

attorney fees to Wife. Accordingly, we affirm in part, reverse in part, and remand.

# Facts and Procedural History

[3] The parties were married on April 27, 2010 and have one child of the marriage, M.D., born September 2010. Husband learned of Wife's extramarital affair in August 2014 and the parties separated in January 2015. Husband filed a Petition for Dissolution of Marriage on January 23 that same year. The parties entered into an "Agreed Temporary Order" on February 13, 2015, in which the parties agreed that Husband "shall pay the monthly mortgage payment in full on the marital residence in lieu of payment of maintenance to [Wife]. [Wife's] waiver of maintenance shall constitute her contribution to the marital residence during the pendency of this action."[1] Appendix of Appellant, Volume 2 at 26. A bench trial was held on February 1, 2018, and the trial court took the matter under advisement. On March 19, 2018, the trial court entered its decree of dissolution with specific findings of facts and conclusions of law. The trial court determined the marital estate, divided it, and found in pertinent part:

[Assets]

| | |
|---|---|
| Husbands 1st Source Account | 1,082.80 |
| Wife's 1st Source Account | 688.62 |
| Wife's TCU Account | 581.78 |

---

[1] The marital residence was later foreclosed upon in 2016. *See* Transcript, Volume II at 44, 77; *see also* Exhibits at 71-73.

| | |
|---|---|
| Marital Residence (foreclosed upon) | 0.00 |
| Wife's 401(k) account | 344.42 |
| Husband's Toyota Tacoma | 14,000.00 |
| Wife's Toyota 4Runner | 22,800.00 |
| Firearms | 2,000.00 |
| Husband's Tag Heuer watch | 1,700.00 |
| Wife's Tag Heuer watch | 2,300.00 |
| Diamond earrings | 1,500.00 |
| Wedding ring | 5,500.00 |
| Marital residence bedroom furniture | 0.00 |
| Marital residence living room furniture | 0.00 |
| Total: | $52,497.82 |

* * *

[Debts]

| | |
|---|---|
| Husband's vehicle loan | 25,006.83 |
| Wife's vehicle loan | 26,756.90 |
| Wife's student loans | 48,416.64 |
| Husband's TD Bank credit card | 1,155.63 |
| Husband's Bank of America credit card | 1,460.75 |
| Sam's Club credit card | 980.09 |
| Pier 1 credit card | 400.00 |
| Discover credit card | 1,691.89 |
| Total: | $105,868.73 |

13. The net marital estate is -$53,370.91.

14. Wife claims that the evidence presented to the Court rebuts the presumption that an equal division of the marital estate is fair and reasonable. Specifically, before the date of separation, Husband destroyed a substantial amount of Wife's clothing and household furnishings. Wife contends this amounts to dissipation of marital assets. There is no dispute that Husband cut large holes into many items of Wife's clothing, rendering it unwearable. There is no dispute that in a fit of rage, Husband wrecked many items of furniture. . . . In fact, Husband . . . shattered a window in Wife's vehicle, causing the cost of repair in excess of $2,000.

15. . . . [T]he Court concludes that Husband's actions of destruction constitute dissipation.

16. Having found dissipation, the Court must next determine the amount or value of the assets that were destroyed. Wife claims that the replacement of the various items was over $13,000. Unfortunately for Wife, the law in Indiana does not permit the Court to use the replacement costs. The Court is not free to speculate as to the fair market value of used clothing and used furniture; to do so would be reversible error. Therefore, the Court must assess the value of the assets at zero dollars since there is no other evidence on which the Court can base a value.

17. Indiana law requires the Court to divide the marital property in a just and reasonable manner. Indiana law also states that this Court is to presume that an equal division is just and reasonable, but that presumption can be rebutted with certain relevant evidence. In this case, the Court concludes that although she came close, Wife did not get over the bar and successfully rebut the presumption.

18. To achieve a just a reasonable division of the marital estate, the Court divides the marital estate as follows:

    To Wife:

| | |
|---|---|
| Wife's 1st Source Account | 688.62 |
| Wife's TCU Account | 581.78 |
| Wife's 401(k) account | 344.42 |
| Wife's Toyota 4Runner | 22,800.00 |
| Wife's Tag Heuer watch | 2,300.00 |
| Diamond earrings | 1,500.00 |
| Wedding ring | 5,500.00 |
| | |
| Wife's vehicle loan | (26,756.90) |
| Wife's student loans | (48,416.64) |
| Total: | ([-]$41,458.72) |

To Husband:

| | |
|---|---|
| Husband's 1st Source Account | 1,082.80 |
| Husband's Toyota Tacoma | 14,000.00 |
| Firearms | 2,000.00 |
| Husband's Tag Heuer watch | 1,700.00 |
| Husband's vehicle loan | (25,006.83) |
| Husband's TD Bank credit card | (1,155.63) |
| Husband's Bank of America credit card | (1,460.75) |
| Sam's Club credit card | (980.09) |
| Pier 1 credit card | (400.00) |
| Discover credit card | (1,691.89) |
| Total: | (-11,913.39) |

To balance the division of the marital estate and arrive at an equal distribution, Husband shall be required to pay Wife the sum of $14,772.67.

19. Each party shall be solely responsible for each debt assigned to him or her, and the responsible party shall fully indemnify and hold the other harmless against any damages and liability arising out of the assigned debt.

20. In addition, Wife has persuaded the Court that Husband should be required to reimburse her for certain expenses (or to pay Wife outright if she has not yet paid the expenses) as follows:

| | |
|---|---|
| Dental Bill | $180.29 |
| Bank Overdraft | $900.56 |
| Vehicle Damage | $5,187.86 |
| Insurance Coverage | $1,269.00 |
| Unpaid Temporary Maintenance | $9,240.00 |
| Total: | $16,777.71 |

21. The total amounts to be paid to Wife, $31,550.38, shall be reduced to a judgment in favor of Wife and against Husband. The judgment shall accrue simple interest at the statutory rate of 8% per year until it is paid in full.

22. Wife has requested that the Court order Husband to pay some or all of her attorney's fees as authorized by statute. The Court has considered the relative earning power of the parties,

the division of the marital estate, the conduct of the parties that affected the length of the case and the fees incurred as a result by both parties, along with the affidavit submitted by [Wife's attorney]. According to the affidavit, Wife has incurred $24,247.62 in fees and expenses. Reviewing the hourly rates for the attorneys involved, the Court concludes that the rates are reasonable for the greater South Bend-Mishawaka market in cases of this nature and involving attorneys with their respective levels of experience. The Court also concludes that the number of hours spent by Wife's attorneys in representing her are reasonable. After considering the relevant factors, the Court concludes that a reasonable fee award is $20,000. . . .

Appealed Order at 3-8.

[4] Nearly three months later, on June 11, 2018, Husband filed a Motion for Relief from Judgment based on excusable neglect due to an error in communication. In his motion, Husband alleged that his attorney "did not lay eyes" on the decree until on or about May 25 despite the trial court's electronic filing of the order on March 19. Appellee's Appendix, Volume 2 at 3. Husband's counsel was unaware of the order until Husband contacted counsel's office on May 23 and advised that he had gone to the court house to obtain a copy of the decree. Counsel alleged this was the first time he learned a decree had been entered even though his office received the decree and electronically saved it on March 21. Husband argued this constituted excusable neglect and asked the court to consider the issues raised in the motion on their merits.[2] Substantively, he

_____

[2]Although we need not determine whether counsel's actions constitute excusable neglect, we take this opportunity to comment on Husband's trial counsel's failure to timely discover the decree. Counsel's office received the decree on March 21, and it was electronically saved to a folder at that time. Later, on April 2,

maintained: (1) the trial court erred by entering findings on uncontested custody issues; (2) half of Wife's student loans were acquired before the marriage and should not have been included in the marital estate; (3) the trial court erred by ordering Husband to reimburse Wife for unpaid temporary maintenance in light of the parties' agreed temporary order; and (4) the trial court should reconsider the award of attorney fees to Wife. *See id*. at 4-9.

[5] The trial held a hearing and court issued an order on July 23 characterizing Husband's motion as a "motion to correct errors presented as a motion for relief from judgment." Appealed Order at 9. The trial court granted the motion in part with respect to the child custody issues and denied the motion pertaining to the division of property issues. It stated:

> Although there is a question whether the Court can grant [Husband's] requested relief due to the timing of his motion, the Court determines that even if the timing was not in issue the motion would be denied. Therefore, the timing question is moot. ([Husband's] counsel filed the motion pursuant to Trial Rule

Husband contacted his counsel and asked if the trial court had reached a decision. Even though the decree had been issued two weeks prior and electronically saved, counsel advised Husband that he was not aware of a result at that time. Instead, it was Husband who notified counsel of the result on May 23, over two months after the decree had been entered. In Husband's 60(B) motion, counsel explained that he did not receive the decree "due to an apparent error in communication or transfer of the electronic receipt of the [d]ecree within his office[.]" App. of Appellee, Vol. 2 at 3-4. It is likely that had counsel made reasonable efforts to search the electronic folder, communicate with his assistant, or check the docket when Husband called on April 2, he would have discovered the decree and could have filed an appropriate and timely motion. However, counsel's failure to discover the decree resulted in an untimely motion that the trial court addressed. To prevent similar instances in the future, we advise counsel to take reasonable efforts to keep abreast of his client's cases and to immediately remedy any communication issues within his office.

60(B) because of an error in his office that precluded the timely filing of a motion to correct error.)

[Husband's] motion claims the Court committed errors in its division of the marital estate.  The Court has reviewed the contents of [Husband's] motion and determines that the arguments amount to a disagreement with the Court's ruling rather than accurately pointing to an error in the Court's decision.  The Court declines [Husband's] invitation to reconsider the evidence presented, and therefore this portion of the motion is denied.

*Id*. at 10.  The trial court issued an amended decree of dissolution on August 27, 2018.  Husband now appeals.[3]

# Discussion and Decision

## I.  Wife's Student Loans

Husband challenges the trial court's judgment with respect to Wife's student loans.  A trial court has broad discretion in dividing the marital estate, and we will reverse a trial court's decision only for an abuse of discretion.  *Goodman v. Goodman*, 94 N.E.3d 733, 742 (Ind. Ct. App. 2018), *trans. denied*.  "The party

---

[3] In her brief, Wife argues Husband's Motion for Relief from Judgment should have been denied by the trial court because he failed to submit evidence of excusable neglect.  *See* Appellee's Brief at 16.  Wife does not, however, argue that Husband's appeal is untimely.  Because the trial court entertained Husband's motion and ruled on the substantive issues raised by Husband, despite considerations of timeliness, we too entertain his appeal.  *See* Ind. Appellate Rule 1 ("The Court may, upon the motion of a party or the Court's own motion, permit deviation from these Rules."); *see also In re O.R.*, 16 N.E.3d 965, 971 (Ind. 2014) (failure to file a timely appeal "does not deprive the appellate courts of jurisdiction to entertain the appeal.").

challenging the trial court's division of marital property must overcome a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *Id*. On review, we do not reweigh the evidence or assess the credibility of the witnesses. *Id*. Instead, we consider only the evidence most favorable to the trial court's disposition of the marital property. *Id*.

The trial court must divide marital property in a "just and reasonable manner" in dissolution proceedings. Ind. Code § 31-15-7-4(b). The division of marital property is a two-step process. *O'Connell v. O'Connell*, 889 N.E.2d 1, 10 (Ind. Ct. App. 2008). The trial court first ascertains what property must be included in the marital estate and then divides the estate in a just and reasonable manner. *Id*. Indiana employs a "one-pot" theory in which all property acquired before or during the marriage is included in the marital estate. *Goodman*, 94 N.E.3d at 742. "While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided." *Id*. With respect to the first step:

> (a) [T]he court shall divide the property of the parties, whether:
>
> > (1) owned by either spouse before the marriage;
> >
> > (2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

Ind. Code § 31-15-7-4. Marital property includes both assets and liabilities. *Capehart v. Capehart*, 705 N.E.2d 533, 536 (Ind. Ct. App. 1999), *trans. denied*. Although partially acquired before the marriage, the trial court properly included all of Wife's student loan debt in the marital estate.

[8] Although Husband frames the issue as whether the trial court erred by including Wife's entire student loan debt in the "marital pot," the substance of his argument leads us to believe that he challenges the trial court's division of the property.[4] In determining how to divide the marital estate, the trial court begins with the presumption that an equal division is just and reasonable. Ind. Code § 31-15-7-5. However, this presumption may be rebutted by a party who presents evidence that an equal division would not be just and reasonable. *Id*. A trial court may consider the following factors in determining whether to deviate from the presumption:

---

[4] *See* Brief of Appellant at 11 (Husband argues "Wife began schooling before the marriage and incurred the debt to her benefit only. Husband made no contribution towards its acquisition. Further, Wife has not used her degree to obtain employment and it is a degree with only the benefit of increased knowledge solely to Wife while providing no positive economic impact on the marital finances.").

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

> (A) before the marriage; or

> (B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective . . .

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

*Id.* In dividing the marital estate, the trial court assigned Wife's entire student loan debt to her. *See* Appealed Order at 6. With respect to the presumption, the trial court determined that Wife came close to rebutting the presumption but did not successfully rebut it. Here, the trial court properly included Wife's entire student loan debt in the marital pot pursuant to Indiana Code section 31-

15-7-4 and then assigned that debt to her. The trial court did not abuse its discretion with respect to Wife's student loans.

## II. Marital Dissipation

[9] Next, Husband argues the trial court erred by ordering him to reimburse Wife $5,187.86 for the damage he intentionally caused to Wife's vehicle. We review a trial court's findings of dissipation of marital assets under an abuse of discretion standard. *In re Marriage of Coyle*, 671 N.E.2d 938, 942 (Ind. Ct. App. 1996). We will reverse only if the trial court's judgment is clearly against the logic and effect of the facts and the reasonable inferences to be drawn from those facts. *Goodman v. Goodman*, 754 N.E.2d 595, 598 (Ind. Ct. App. 2001).

[10] In addition to the division of the marital estate, the trial court found that "Wife has persuaded the Court that Husband should be required to reimburse her for certain expenses[,]" including $5,187.86 in vehicle damage. Appealed Order at 7. As best we can discern, Husband argues his conduct does not constitute marital dissipation because the damage occurred during the marriage, before a dissolution petition was filed, and the parties continued to cohabitate for months after the incident. [5] In addition, he asserts that because Wife paid for

---

[5] In his brief, Husband cites to *Walburn v. Walburn*, 878 N.E.2d 544 (Ind. Ct. App. 2007), an unpublished memorandum decision. Although *Walburn* in turn cites to two published decisions, we remind counsel that citation to unpublished decisions is inappropriate and prohibited by our appellate rules. *See* Ind. Appellate Rule 65(D) ("Unless later designated for publication in the official reporter, a memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish *res judicata*, collateral estoppel, or law of the case.").

the damage with marital funds, the amount is not subject to division. Husband's argument is misplaced.

[11] First, we note that this expense was not included in the marital estate. *See* Appealed Order at 3-4. It appears that the trial court ordered Husband to reimburse Wife for the vehicle damage due to his conduct, in which he intentionally damaged Wife's car after learning of an affair. *See* Exhibits at 41-53. Thus, the trial court's order in this respect is not a question of a division of assets.

[12] In any event, even if this amount was included in the marital estate and assigned to Husband, the trial court found marital dissipation by Husband. Dissipation of marital assets involves the "frivolous, unjustified spending of marital assets." *Goodman*, 754 N.E.2d at 598. "Waste and misuse are the hallmarks of dissipation." *Coyle*, 671 N.E.2d at 943. To determine whether dissipation occurred, we consider the following factors: (1) whether the expenditure benefited the marriage or whether it was made for a purpose unrelated to the marriage; (2) the timing of the transaction; (3) whether the expenditure was excessive or de minimis; and (4) whether the dissipating party intended to hide, deplete, or divert the marital asset. *Goodman*, 754 N.E.2d at 598. Dissolution courts may consider evidence of either pre- or post-separation dissipation. *Hardebeck v. Hardebeck*, 917 N.E.2d 694, 700 (Ind. Ct. App. 2009). In this case, the trial court found that Husband destroyed a "substantial amount of Wife's clothing and household furnishings" and damaged her car "in a fit of

rage," all of which were depicted in photographs admitted into evidence. Appealed Order at 4; *see also* Exhibits at 27-45.

[13] Husband is correct that money used to satisfy marital debts before dissolution is not marital property. *Gard v. Gard*, 825 N.E.2d 907, 910-11 (Ind. Ct. App. 2005). However, *absent proof of asset dissipation*, the trial court should not divide assets used to satisfy marital debts before dissolution as marital property. *Pitcavage v. Pitcavage*, 11 N.E.3d 547, 569 (Ind. Ct. App. 2014). Because the trial court found that Husband's "actions of destruction constitute dissipation[,]" any marital funds used to pay for the damage are not marital property. Appealed Order at 5. We cannot conclude the trial court abused its discretion in finding Husband's actions constituted dissipation and ordering him to reimburse Wife for costs incurred as a result.

## III.  Unpaid Maintenance

[14] Husband also challenges the trial court's order that he reimburse Wife for unpaid temporary maintenance. "On appeal of claims tried by the court without a jury . . . [we] shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). When the trial court enters findings pursuant to Trial Rule 52, we apply a two-tiered standard of review. *Blacklidge v. Blacklidge*, 96 N.E.3d 108, 113 (Ind. Ct. App. 2018). First, we determine whether the evidence support the findings and then, whether the findings support the judgment. *Id*. We will not set aside the trial

court's findings and conclusions unless clearly erroneous, namely when the record contains no facts or inferences to support them leaving us firmly convinced a mistake has been made. *Tompa v. Tompa*, 867 N.E.2d 158, 163 (Ind. Ct. App. 2007).

[15] Additionally, "[a]ppellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense[.]" *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011).

[16] Here, the trial court concluded Husband should reimburse Wife for $9,240.00 in unpaid temporary maintenance. Husband does not argue Wife is not entitled to some temporary maintenance[6] but claims that he did not pay Wife maintenance because she "waived its receipt in exchange for her relief from responsibility for marital residency costs during the proceedings." Br. of Appellant at 13. The evidence reveals that an "Agreed Temporary Order" was entered on February 13, 2015, which provided in part:

> [Husband] shall pay the monthly mortgage payment in full on the marital residence in lieu of payment of maintenance to [Wife]. [Wife's] waiver of maintenance shall constitute her

---

[6]Accordingly, we do not address whether Wife is entitled to temporary spousal maintenance.

contribution to the marital residence during the pendency of this action.

Appellant's App., Vol. 2 at 26; *see also* Exhibits at 170-72. Wife offered the "Agreed Temporary Order" at trial and the trial court stated it was part of the record. *See* Transcript, Volume II at 80.

[17] Although the trial court did not provide a calculation in its findings, it did state that it was persuaded by Wife to award her $9,240.00 in unpaid temporary maintenance. Based on the evidence in the record, it appears that the trial court's finding in this respect is derived from "Wife's Revised Contentions, Exhibits and Witness List" admitted into evidence. *See* Tr., Vol. II at 25, 27; Exhibits at 2-10. Specifically, Wife argued that per the Agreed Temporary Order, Husband agreed to pay the monthly mortgage payment in lieu of maintenance to Wife; however, he failed to pay the mortgage which resulted in foreclosure of the marital residence. Wife argues this warranted a deviation from the presumption of equal division:

> 13. . . . Wife should receive set-off temporary maintenance she would have been awarded during the pendency of this dissolution of marriage action, in an amount equal to $60 per week, retroactive to the February 13, 2015 Order until entry of the Decree. As of the date of the final hearing, February 1, 2018, the total for 154 weeks is $9,240.00.

Exhibits at 5.

Husband testified that he made monthly mortgage payments through January 2016 but was ultimately unable to keep up with the payments. *See* Tr. Vol. II at 124-25. A judgment of foreclosure was entered on April 19, 2016. Although the trial court took judicial notice of the Agreed Temporary Order, the judgment for maintenance reflects nearly three years of maintenance owed dating back to February 13, 2015, and it appears the trial court failed to consider any mortgage payments Husband made during this time. Therefore, we conclude the evidence in the record does not support the findings and in turn, does not support the judgment of $9,240. We reverse the judgment with respect to the unpaid maintenance and remand to the trial court to determine the proper amount Husband owes Wife, taking into consideration the Agreed Temporary Order and any evidence of mortgage payments Husband made during this time.

# IV. Attorney Fees

## A. Award to Wife

Husband challenges the trial court's order awarding Wife $20,000 in attorney fees. We review a trial court's decision to award or deny attorney fees in connection with a dissolution decree using an abuse of discretion standard. *Ahls v. Ahls*, 52 N.E.3d 797, 802-03 (Ind. Ct. App. 2016). A trial court has broad discretion in assessing attorney fees and we will reverse only if its decision is "clearly against the logic and effect of the facts and circumstances before it or if it misapplies the law." *Id*. at 803.

[20] Indiana Code section 31-15-10-1(a) authorizes the award of attorney fees in divorce proceedings:

> The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.

[21] In awarding attorney fees, a trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and other factors that bear on the reasonableness of the award. *Troyer v. Troyer*, 987 N.E.2d 1130, 1142-43 (Ind. Ct. App. 2013), *trans. denied*. "Consideration of these factors promotes the legislative purpose behind the award of attorney fees, which is to [e]nsure that a party in a dissolution proceeding, who would not otherwise be able to afford an attorney, is able to retain representation." *Id*. at 1143. This court has held that when one party is in a superior position to pay the attorney fees over the other, an award of attorney fees is proper. *Id*. Additionally, misconduct that directly results in additional litigation expenses may properly be taken into account in the trial court's decision to award attorney's fees. *Barton v. Barton*, 47 N.E.3d 368, 377 (Ind. Ct. App. 2015), *trans. denied*. The trial court need not give reasons for its determination. *Goodman*, 94 N.E.3d at 751.

[22] Here, in awarding Wife $20,000 in attorney fees, the trial court "considered the relative earning power of the parties, the division of the marital estate, the

conduct of the parties that affected the length of the case and the fees incurred as a result by both parties, along with the affidavit submitted by [Wife's attorney]." Appealed Order at 8. Husband argues "[t]here is no significant disparity in income" between the parties. Br. of Appellant at 14. However, the evidence in the record reveals otherwise.

[23] According to Husband's verified personal financial statement admitted into evidence at trial, Husband's yearly gross income was roughly $47,000 while Wife's gross income was nearly $29,000. *See* Exhibits at 12-15, 97. This is a significant disparity in income. Husband also challenges the trial court's finding that the conduct of the parties affected the length of the case and fees incurred. The Chronological Case Summary indicates that Wife filed motions for rule to show cause on February 24, 2016, March 24, 2016, and June 13, 2016. Appellant's App., Vol. 2 at 4-6. Wife also filed motions to compel on August 23, 2016, March 16, 2017, and September 11, 2017. *Id*. at 7-8, 11. Additionally, Husband filed motions to continue on March 20, 2017, March 31, 2017, and September 12, 2017. *Id*. at 9, 11. Moreover, the trial court found that Husband's actions constituted marital dissipation. Based on the evidence in the record, we cannot conclude the trial court abused its discretion by ordering Husband to pay Wife $20,000 in attorney fees.

## B. Appellate Attorney Fees

[24] Wife asks this court to remand the case to the trial court for an assessment of appellate attorney fees and expenses. Indiana Appellate Rules 66(E) provides:

> The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution.

Our discretion to award attorney fees under this rule is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Townsend v. Townsend*, 20 N.E.3d 877, 880 (Ind. Ct. App. 2014), *trans. denied*. And although our authority to award damages on appeal is discretionary, "we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." *Id.*

[25] Although Wife explicitly states she does not request damages under this rule, it appears that Wife's argument misunderstands the difference between a request for appellate attorney fees pursuant to Indiana Appellate Rule 66(E) and Indiana Code section 31-15-10-1. *See id.* at 881 ("[I]t is the legal basis for the request, not the forum, that determines which standard applies."). Here, Wife argues appellate attorney fees are appropriate due to Husband's "efforts to lengthen the process" and his frivolous argument with respect to her student loan debt. Appellee's Br. at 23. Therefore, the underlying basis for Wife's request for appellate attorney fees is Husband's delay and frivolous argument, both of which provide a legal basis for damages pursuant to Indiana Appellate Rule 66(E).

"[I]f a request for appellate attorney fees is based on a frivolous appeal, then it may be made on appeal pursuant to Appellate Rule 66(E). If, on the other hand, a party seeks appellate attorney fees in a dissolution proceeding based on the parties' economic circumstances pursuant to Indiana Code Section 31-15-10-1, then that request is properly made in the trial court without consideration of Appellate Rule 66(E)." *Townsend*, 20 N.E.3d at 881; *see also Goodman*, 754 N.E.2d at 603 (explaining Indiana Code section 31-15-10-1(a) authorizes the trial court to award reasonable appellate attorney fees and jurisdiction rests with the trial court to determine if an award of appellate attorney fees is appropriate). In any event, although Husband did not file an appeal or motion within thirty days of the entry of the decree, he filed a motion based on excusable neglect and the trial court entertained the substance of his complaints, and he has been partially successful on appeal. We therefore decline to award damages pursuant to Indiana Appellate Rules 66(E).

# Conclusion

For the reasons set forth above, we conclude the trial court properly included Wife's entire student loan debt in the marital estate and it did not abuse its discretion with respect to marital dissipation and the order for Husband to pay $20,000 of Wife's attorney fees. However, the trial court's judgment pertaining to unpaid temporary maintenance is clearly erroneous. We therefore affirm the trial court's division of property and attorney fees but reverse the trial court's judgment for unpaid temporary maintenance and remand the issue to the trial

court to determine the proper amount in light of any monthly mortgage payments made by Husband during the relevant time. We also conclude Wife is not entitled to appellate attorney fees.

[28] Affirmed in part, reversed in part, and remanded.

Riley, J., and Kirsch, J., concur.